# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ❏ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | ❏ 791 Empl. Ret. Inc. Security Act | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | **Habeas Corpus:** | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 530 General | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Evergreen Power, LLC and Asnat Realty, LLC | : : : |
| Plaintiffs | : : |
| v. | : : |
| United Illuminating Company | : : |
| Defendant | :    January 5, 2012 |

**COMPLAINT**

The plaintiffs, **Evergreen Power, LLC** and **Asnat Realty, LLC**, through their attorneys, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the claims arising under § 107 of the Comprehensive Environmental Response Compensation and Liability Act of 1980 as amended ("CERCLA"), 42 U.S.C. §§ 9607 and 9613(b), and the Federal Questions Statute, 28 U.S.C. § 1331. This Court has supplemental jurisdiction over claims under the laws of Connecticut pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the United States District Court for the District of Connecticut because it is the district in which the damage complained of by the Plaintiffs occurred, pursuant to 42 U.S.C. § 9613(b), and it is the district which contains the property that is the subject of this action, 28 U.S.C. § 1391.

3. Plaintiff also seeks a declaration by this Court, pursuant to the Declaratory Judgments Act, 28 USC §§ 2201-2202.

## PARTIES

4.     The Plaintiff, **Evergreen Power, LLC,** is a Delaware limited liability company, doing business in Connecticut, with a principal office and place of business located at 220-46 73rd Avenue, Bayside, NY 11364.

5.     The Plaintiff, **Asnat Realty, LLC,** is a Delaware limited liability company, doing business in Connecticut, with a principal office and place of business located at 220-46 73rd Avenue, Bayside, NY 11364.

6.     The Defendant, **United Illuminating Company**, is a Connecticut corporation.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

7.     Evergreen Power, LLC and Asnat Realty, LLC are the owners of real estate in the City of New Haven, Connecticut, formerly known as English Station ("Property"), by virtue of the following deed(s):

   a.     A certain Warranty Deed, dated December 9, 2006 and recorded in Volume 7814 at Page 014 of the New Haven Land Records, in which the Grantor, Quinnipiac Energy, LLC transferred to Evergreen Power, LLC, as Grantee, that certain piece of property more particularly therein described.  Exhibit A.

   b.     A certain Warranty Deed, dated December 9, 2006 and recorded in Volume 7817 at Page 195 of the New Haven Land Records, in which the Grantor, Quinnipiac Energy, LLC transferred to Asnat Realty, LLC, as Grantee, that certain piece of property more particularly therein described.  Exhibit B.

8.  The Defendant is a former owner of the Property, having transferred the Property to Quinnipiac Energy, LLC by way of a Quit Claim Deed dated August 16, 2000 and recorded in Volume 5716 at Page 72 of the New Haven Land Records.  Exhibit C.

9.  From 1914 to August 2000 the Defendant owned the Property and operated thereon.

10. Defendant's operations on the Property resulted in spills and releases, and threats of releases, of hazardous substances to soils and groundwater at the Property; and releases or threats of releases to abutting surface waters, the Mill River.

11. Spills and releases of hazardous substances to soils and groundwater at the Property, and releases or threats of releases to abutting surface waters, the Mill River, occurred during Defendant's ownership of the Property.

12. Some investigation and remediation work has been performed at the Property, additional investigation and remediation is required to fully characterize and remediate the releases, and threats of releases, to soils, groundwater, and the Mill River.

13. Significant Environmental Hazards ("SEHs"), as defined by CGS § 22a-6u, have been identified in 5 locations on the Property.  Polychlorinated Biphenyl (PCB) contamination in these SEH areas is attributable to Defendant's operations at the Property and/or occurred during Defendant's ownership of the Property.

**FIRST COUNT**
**CERCLA (42 U.S.C. § 9601 et. seq.)**

14.    Plaintiffs re-allege and incorporate by reference each and every allegation in Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.    Evergreen Power, LLC and Asnat Realty, LLC are each a "person" within the meaning of 42 U.S.C. § 9607(a).

16.    UI is a "person" within the meaning of 42 U.S.C. § 9607(a).

17.    The Property is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

18.    "Hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14) have been released at the Property.

19.    There have been and continue to be actual and threatened releases of hazardous substances into or upon Property within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22).

20.    The Defendant is a "person" who owned and operated the Property during the time that releases of hazardous substances occurred at the Property.

21.    Plaintiffs have incurred costs, and continues to incur costs, in response to said releases and threatened releases.

22.    All such costs constitute costs of investigation, removal, or remedial action within the meaning of CERCLA § 107(a), 42 U.S.C. §§ 9607(a) and CERCLA § 101(23 & 24), 9601(23 & 24); to the extent required by law, all such costs are consistent with the National Contingency Plan.

23.    Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), the Defendant is liable for

Plaintiffs' costs for investigation, removal, or remedial action.

## SECOND COUNT
### (Connecticut General Statutes § 22a-16)

24. Plaintiffs re-allege and incorporate by reference each and every allegation in Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

25. Defendant released, or suffered, permitted, or allowed to be released, hazardous substances at the Property.

26. Defendant's conduct, as aforesaid, caused unreasonable pollution, impairment, or destruction of the public trust in the water and other natural resources of the State.

27. Plaintiffs are entitled to declaratory and equitable relief as is required to protect the public trust in the air, water, and other natural resources of the State of Connecticut from unreasonable pollution, impairment, or destruction, as well as their costs, including reasonable costs for witnesses and a reasonable attorney's fee as provided for in CGS § 22a-18(e).

## THIRD COUNT
### (Declaratory Relief Under CERCLA)

28. Plaintiffs re-allege and incorporate by reference each and every allegation in Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

29. An actual controversy exists between the Plaintiffs and the Defendant in that the Plaintiffs contend that the Defendant has obligations and potential legal liabilities under CERCLA for such costs as have been or will be incurred for activities performed in the investigation and

remediation of hazardous substance contamination at the Property.

30. Absent judicial declaration setting forth the parties rights and obligations with respect to these costs, a multiplicity of actions may result. Plaintiffs, therefore, request a judicial determination of the rights and obligations of the parties with regard to the hazardous substance contamination and allocation of costs and responsibilities between the Plaintiffs and the Defendant.

31. Plaintiffs request a judicial declaration setting forth Defendant's liability to the Plaintiffs with respect to such costs and expenses as have been or will be incurred for the investigation and remediation of hazardous substance contamination existing at the Property.

## FOURTH COUNT
### (Promissory Estoppel / Breach of Oral Contract)

32. Plaintiffs re-allege and incorporate by reference each and every allegation in Paragraphs 1 through 9 of this Complaint as if fully set forth herein.

33. On information and belief, UI was aware of certain transformers, transformers previously owned and operated by UI, which remained on the site and contained high concentrations of pcb oil.

34. On information and belief, UI believed that these transformers posed a spill risk and, ultimately, a liability risk for UI.

35. In early January of 2011, Tony Marone of UI contacted the Plaintiffs concerning these transformers.

36. To eliminate the risk of a spill and associated liability, on behalf of UI, Tony Marone offered to reimburse the Plaintiffs for removal and proper disposal of the transformers and associated

pcb oils in exchange for Plaintiffs undertaking the arrangements for same.

37. UI refused to execute a written agreement; on information and belief, this refusal was based on concerns over admissions of liability with respect to the transformers prior to their proper disposal.

38. Plaintiffs accepted UI's offer and, in reliance on UI's promise, proceeded to properly dispose of the transformers, including the associated pcb oils.

39. UI was consulted and informed concerning the methods of pcb oil disposal.

40. Plaintiffs incurred costs of approximately $100,000 for this work.

41. On completion of the work, Plaintiffs demanded reimbursement pursuant to UI's promise and/or oral agreement.

42. UI, through Tony Marone, refused to reimburse Plaintiffs for the incurred costs.

43. Plaintiffs acted in good faith reliance on UI's offer and UI benefited from Plaintiffs performance of the work.

44. Plaintiffs have suffered damages as a result of UIs failure to perform on its promise and/or breach of its oral agreement.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against United Illuminating Company as follows:

1. For declaratory judgment that United Illuminating Company is jointly and severally liable for the presence of hazardous substance contamination at the Property;

3. For an Order directing that United Illuminating Company reimburse Plaintiffs for all costs they have incurred and will incur for the testing, investigation, and remediation of hazardous substance contamination at the Property, including any necessary testing, investigation, and remediation of neighboring properties and the Mill River;

4. Declaratory and equitable relief pursuant to CGS § 22a-16, specifically: an Order directing Defendant to investigate and remediate the Property in accordance with applicable standards including, without limitation, the Connecticut Residential Direct Exposure Criteria;

4. Money damages;

5. Costs and attorneys' fees pursuant to CGS § 22a-18(e);

6. Any other relief the court may deem just and proper.

        Respectfully Submitted,
        Plaintiffs

           **/s/Alan M. Kosloff**

By:   Alan M. Kosloff
      Federal Bar #ct05554
      Law Offices of Alan M. Kosloff
      Their Attorneys
      28 North Main Street
      West Hartford, CT
      Tel: 860-521-7004
      Fax: 860-521-3352
      akosloff@kosloff.net