## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVERGREEN POWER, LLC AND ASNAT REALTY, LLC, | : : : | 3:12-CV-00032 (SRU) |
| Plaintiffs, | : : | |
| v. | : : | |
| UNITED ILLUMINATING COMPANY, | : : | MAY 9, 2012 |
| Defendant. | : | |

### THE UNITED ILLUMINATING COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT

The United Illuminating Company (hereinafter "UI"), through its undersigned counsel, files its Answer, Affirmative Defenses and Counterclaims addressed to Plaintiffs' Second Amended Complaint dated April 18, 2012.

### JURISDICTION AND VENUE

1. The allegations in paragraph 1 of the Second Amended Complaint state a legal conclusion to which no response is required.

2. The allegations in paragraph 2 of the Second Amended Complaint state a legal conclusion to which no response is required.

3. The allegations in paragraph 3 of the Second Amended Complaint state a legal conclusion to which no response is required.

### PARTIES

4. UI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Second Amended Complaint and leaves Plaintiffs to their proof.

5. UI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Second Amended Complaint and leaves Plaintiffs to their proof.

6. UI admits the allegation in paragraph 6 of the Second Amended Complaint.

**FACTUAL BACKGROUND COMMON TO ALL COUNTS**

7. UI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Second Amended Complaint and leaves Plaintiffs to their proof.

   a. Further, the allegations of paragraph 7.a. reference a deed that speaks for itself and, therefore, no response is required.

   b. Further, the allegations of paragraph 7.b. reference a deed that speaks for itself and, therefore, no response is required.

8. UI admits that it formerly owned the Property and transferred the Property to Quinnipiac Energy, LLC ("QE") with the referenced deed.

9. UI admits that it acquired a portion of the Property in 1914 and that it owned the Property prior to its transfer to QE in August 2000. UI further admits that, during its period of ownership, it operated an electric power generating facility on the Property. UI denies the remainder of the allegations of this paragraph..

10. UI admits that there is documentation that, in the past and from time to time, Polychlorinated Biphenyls (PCBs) and other substances came to be located in or on certain of the soils on and at the Property, but UI lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations of paragraph 10 of the Second Amended Complaint and, as to those allegations, leaves Plaintiffs to their proof.

11. UI admits that there is documentation that, in the past and from time to time, PCBs and other substances came to be located in or on certain of the soils on and at the Property, but UI lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations of paragraph 11 of the Second Amended Complaint and, as to those allegations, leaves Plaintiffs to their proof.

12. UI admits knowledge that some investigation work and remediation work has been performed at the Property, but lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations of paragraph 12 of the Second Amended Complaint and, as to those allegations, leaves Plaintiffs to their proof.

13. Allegations in the first sentence of paragraph 13 state a legal conclusion to which no response is required. UI admits that, in the past, PCB contamination was identified on the Property. As to the remainder of the allegations of Paragraph 13 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

**FIRST COUNT**
**CERCLA (42 U.S.C. § 9601 et seq.) – Owner/Operator**

14. UI incorporates by reference its responses in this Answer to paragraphs 1 through 13 of the Second Amended Complaint.

15. The allegations in paragraph 15 of the Second Amended Complaint state a legal conclusion to which no response is required.

16. The allegations in paragraph 16 of the Second Amended Complaint state a legal conclusion to which no response is required.

17. The allegations in paragraph 17 of the Second Amended Complaint state a legal conclusion to which no response is required.

18. The allegations in paragraph 18 of the Second Amended Complaint state a legal conclusion to which no response is required. UI admits that, in the past, PCB contamination was identified on the Property.

19. The allegations in paragraph 19 of the Second Amended Complaint state a legal conclusion to which no response is required. UI admits that, in the past, PCB contamination was identified on the Property. As to the remainder of the allegations of Paragraph 19 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

20. The allegations in paragraph 20 state a legal conclusion to which no response is required. UI admits that, in the past, PCB contamination was identified on the Property. As to the remainder of the allegations of Paragraph 20 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

21. The allegations in paragraph 21 state a legal conclusion to which no response is required. As to the remainder of the allegations of paragraph 21 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

22. The allegations in paragraph 22 of the Second Amended Complaint state a legal conclusion to which no response is required. The remainder of the allegations of paragraph 22 are denied.

23. The allegations in paragraph 23 of the Second Amended Complaint state a legal conclusion to which no response is required. The remainder of the allegations of paragraph 23 are denied.

## SECOND COUNT
## CERCLA (42 U.S.C. § 9601 et seq.) – Arranger

24. UI incorporates by reference its responses in this Answer to paragraphs 1 through 8 of the Second Amended Complaint.

25. UI incorporates by reference its responses in this Answer to paragraphs 15 through 17 of the Second Amended Complaint.

26. UI admits that it operated an electric power generating facility (known as "English Station") on the Property during its period of ownership of the Property.

27. UI admits that it operated English Station on the Property during its period of ownership of the Property and that, prior to its sale of the Property to QE on August 16, 2000, UI ceased to maintain its power generation levels at English Station. As to the remainder of the allegations of paragraph 27 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

28. UI admits that on or about March 2, 2000 it entered into a Purchase and Sale Agreement ("UI/QE Agreement") for the transfer of the Property.

29. UI admits that, in August of 2000, pursuant to the UI/QE Agreement, UI transferred the Property to QE ("UI/QE Transfer"). The remainder of the allegations of paragraph 29 are denied.

30. UI admits that, pursuant to the UI/QE Agreement, UI and QE entered into an escrow agreement relating to the allocation of responsibility for the investigation and remediation of the Property and the costs associated with such investigation and remediation. The remainder of the allegations of paragraph 30 are denied.

31. UI admits that, prior to the date of the UI/QE Transfer, QE submitted an application to the then Connecticut Department of Environmental Protection for permits to construct and operate two existing boilers at the Property and that QE never operated a power generation facility at the Property. As to the remainder of the allegations of paragraph 31 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

32. The allegations in paragraph 32 state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 32 of the Second Amended Complaint.

33. The allegations in paragraph 33 state a legal conclusion to which no response is required. UI admits that at the time of the UI/QE Transfer, PCBs and other substances had come to be located in or on certain of the soils on and at the Property. UI denies the remainder of the allegations of paragraph 33 of the Second Amended Complaint.

34. The allegations in paragraph 34 state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 34 of the Second Amended Complaint.

35. The allegations in paragraph 35 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 35 of the Second Amended Complaint.

36. The allegations in paragraph 36 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 36 of the Second Amended Complaint.

37. The allegations in paragraph 37 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 37 of the Second Amended Complaint.

### THIRD COUNT
### Connecticut General Statutes § 22a-16

38. UI incorporates by reference its responses in this Answer to paragraphs 1 through 13 of the Second Amended Complaint.

39. The allegations in paragraph 39 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 39 of the Second Amended Complaint.

40. The allegations in paragraph 40 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 40 of the Second Amended Complaint.

41. The allegations in paragraph 41 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 41 of the Second Amended Complaint.

### FOURTH COUNT
### Declaratory Relief Under CERCLA

42. UI incorporates by reference its responses in this Answer to paragraphs 1 through 37 of the Second Amended Complaint.

43. The allegations in paragraph 43 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 43 of the Second Amended Complaint.

44. The allegations in paragraph 44 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 44 of the Second Amended Complaint.

45. The allegations in paragraph 45 of the Second Amended Complaint state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 45 of the Second Amended Complaint.

## FIFTH COUNT
### Promissory Estoppel / Breach of Oral Contract

46. UI incorporates by reference its responses in this Answer to paragraphs 1 through 9 of the Second Amended Complaint.

47. UI incorporates by reference its responses in this Answer to paragraphs 28 and 29 of the Second Amended Complaint.

48. UI is aware that, pursuant to the terms of the UI/QE Transfer, certain electrical equipment remained at the Property at the time of the UI/QE Transfer in 2000. As to the remainder of the allegations of paragraph 48 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

49. UI is aware that, pursuant to the terms of the UI/QE Transfer, certain electrical equipment remained at the Property at the time of the UI/QE Transfer in 2000. UI denies knowledge of a "spill risk." As to the remainder of the allegations of paragraph 49 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

50. UI admits that Tony Marone spoke with representatives of one or both of the Plaintiffs in or about January 2011. UI denies the remainder of the allegations of paragraph 50.

51. UI denies the allegations of paragraph 51.

52. UI denies the allegations of paragraph 52.

53. UI denies the allegations of paragraph 53.

54. UI denies the allegations of paragraph 54.

55. UI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55 of the Second Amended Complaint and therefore leaves Plaintiffs to their proof.

56. UI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 of the Second Amended Complaint and therefore leaves Plaintiffs to their proof.

57. UI admits that it has neither agreed to reimburse nor in fact reimbursed Plaintiffs for any removal and disposal work they may have performed during Plaintiffs' ownership of the Property with respect to electrical equipment and any associated PCB oils at the Property. As to the remainder of the allegations of paragraph 57 of the Second Amended Complaint, UI lacks sufficient knowledge or information to form a belief as to the truth of such allegations and, as to those allegations, leaves Plaintiffs to their proof.

58. UI denies the allegations of paragraph 58.

59. UI denies the allegations of paragraph 59.

## SIXTH COUNT
### Reckless and Wanton Misconduct

60. UI incorporates by reference its responses in this Answer to paragraphs 1 through 13 of the Second Amended Complaint.

61. UI incorporates by reference its responses in this Answer to paragraphs 26 through 33 of the Second Amended Complaint.

62. UI admits that there was documentation of contamination and/or potential contamination on and at the Property at the time UI transferred the Property. UI denies the remainder of the allegations of paragraph 62 of the Second Amended Complaint.

63. UI admits that there was documentation of contamination and/or potential contamination on and at the Property at the time UI transferred the Property. The allegations in paragraph 63 state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 63 of the Second Amended Complaint.

64. The allegations in paragraph 64 state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 64 of the Second Amended Complaint.

65. The allegations in paragraph 65 state a legal conclusion to which no response is required. UI denies the remainder of the allegations of paragraph 65 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the environmental contamination that exists and may exist on the Property was caused through no fault or negligence on the part of UI, and/or such environmental contamination was caused due to, resulted from or was exacerbated by, the acts and omissions of parties other than UI.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the environmental contamination that exists and may exist on the Property was caused through no fault or negligence on the part of UI, and/or such environmental contamination was caused due to, resulted from or was exacerbated by the acts and omissions of Plaintiffs.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, based on the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, based on the doctrine of laches.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, based on the doctrine of contributory negligence.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, based on their failure to mitigate damages.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, based on the doctrine of unclean hands.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because UI's activities complied with applicable standards of care under all federal and state laws and regulations, and activities by UI in compliance with such standards of care are reasonable as a matter of law.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by their failure to act reasonably, and to comply with all relevant state and federal statutes, regulations, orders, directives, guidelines, permits and other authorizations in the conduct of their operations.

**Eleventh Affirmative Defense**

Should UI be found responsible for any remediation costs or other damages alleged in the Second Amended Complaint, UI's liability is limited to its equitable share of such costs or damages.

**Twelfth Affirmative Defense**

UI is entitled to an offset against any damages, costs, fees and/or expenses to which the Plaintiffs may be entitled and/or liability for the greater of: (1) any amount actually paid by any person for any of the damages, costs, fees and/or expenses alleged in the Second Amended Complaint; or (2) the equitable share of the liability of any person or entity that has received or receives a release from liability or covenant not to sue with respect to any of the damages, costs, fees and/or expenses alleged in the Second Amended Complaint.

**Thirteenth Affirmative Defense**

Plaintiffs have failed to state a claim upon which relief can be granted.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, for failure to join parties under Fed. R. Civ. P. 19.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, by the doctrine of caveat emptor.

**Sixteenth Affirmative Defense**

Plaintiffs' claims are barred in whole, or in part, because considering all relevant surrounding circumstances and factors, there is no feasible and prudent alternative to UI's conduct and such conduct is consistent with the reasonable requirements of public health, safety and welfare.

**Seventeenth Affirmative Defense**

UI reserves the right to rely on all affirmative defenses that become available to it during discovery or trial, and hereby respectfully reserves the right to amend this Answer as of right or with leave of Court for the purpose of asserting additional defenses.

**COUNTERCLAIMS AGAINST PLAINTIFFS**

Defendant, UI, asserts the following Counterclaims against Plaintiffs:

**JURISDICTION AND VENUE**

1. UI's counterclaims arise out of the same transactions and occurrences that are set forth in the Second Amended Complaint.

2. If jurisdiction and venue are proper with respect to the Second Amended Complaint, then they are proper for the purpose of these Counterclaims.

**PARTIES**

3. UI incorporates by reference paragraphs 4 through 6 of the Second Amended Complaint.

**FACTS COMMON TO ALL COUNTERCLAIMS**

4. Plaintiffs are and have been the owners and/or operators of the Property.

5. Upon information and belief, Plaintiffs' activities on and relating to the Property, including its acts and/or omissions, have resulted in spills and releases, and threats of releases, of hazardous substances to soils, groundwater and other media at and in the vicinity of the Property.

6. Upon information and belief, Plaintiffs' activities on and relating to the Property, including its acts and/or omissions, have exacerbated or otherwise contributed to any impaired conditions of the soils, groundwater and other media at and in the vicinity of the Property.

7. Upon information and belief, spills and releases of hazardous substances to soils, groundwater and other media at and in the vicinity of the Property or threats of such spills and releases have occurred or are occurring as a result of Plaintiffs' activities on and relating to the Property, including but not limited to the dismantling of buildings and structures located on the Property by Plaintiffs and/or their agents, representatives or assignees.

8. Upon information and belief, spills and releases of hazardous substances to soils, groundwater and other media at and in the vicinity of the Property have occurred or are occurring during Plaintiffs' ownership of the Property.

9. Upon information and belief, Plaintiffs have engaged in activities on the Property with respect to PCBs which are in violation of Sections 15 and 16 of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2614 and 2615 and the PCB Regulations, 40 C.F.R. Part 761.

10. Upon information and belief, Plaintiffs are generators of PCB waste as defined by 40 C.F.R. § 761.3.

11. On or about September 23, 2011, EPA Region I issued an administrative complaint to Plaintiffs for the aforesaid TSCA violations.

12. On or about February 8, 2012, DEEP issued a Cease and Desist Order to Plaintiffs pursuant to Sections 22a-6, 22a-7, 22a-432 and 22a-433 of the Connecticut General Statutes ordering that Plaintiffs cease certain activities, including demolition activities, which threaten the public health or the environment due to Plaintiffs' failure to address PCBs located on the Property.

### FIRST COUNTERCLAIM
### (CONTRIBUTION PURSUANT TO CERCLA § 113)

13. UI repeats and realleges paragraphs 1 through 12 of these Counterclaims.

14. Plaintiffs are current owners and/or operators of the Property within the meaning of § 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

15. Plaintiffs are each a person within the meaning of § 101(21) of CERCLA, 42 U.S.C. § 9601(21).

16. Upon information and belief, during the time that Plaintiffs owned and/or operated the Property, hazardous substances, as defined by § 101(29) of CERCLA, 42 U.S.C. § 9601(29), were allowed to be and/or were actually used, stored, treated, transported, released, spilled, disposed of, generated and/or discharged onto and at or in the vicinity of the Property by Plaintiffs and/or others.

17. Upon information and belief, the Property owned and/or operated by Plaintiffs is a facility within the meaning of § 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. During Plaintiffs' ownership and/or operation of its Property, releases and/or threatened releases of hazardous substances occurred at the Property within the meaning of § 101(22) of CERCLA, 42 U.S.C. § 9601(22).

19. Pursuant to § 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), any person may seek contribution from any other person who is liable or potentially liable under § 107(a) of CERCLA, 42 U.S.C. § 9607(a).

20. UI denies that it has liability under CERCLA § 107(a), 42 U.S.C. § 9607(a), for response costs due to alleged releases or threatened releases at or from the Property. Nevertheless, if UI is found, according to proof in this action, to have any CERCLA liability with respect to the Property, then it is jointly liable with Plaintiffs.

21. UI has a right of contribution against Plaintiffs to recover, *inter alia*, its equitable share of necessary costs of response in accordance with CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

**SECOND COUNTERCLAIM**
**(CONN. GEN. STAT. § 22A-452)**

22. UI repeats and realleges paragraphs 1 through 12 of these Counterclaims.

23. Connecticut General Statutes § 22a-452 provides that, where pollution or contamination results from the joint negligence or other actions of two or more persons, firms, or corporations, each shall be liable to the others for a *pro rata* share of the costs of mitigation and damages caused thereby.

24. If there were negligence on the part of UI, which UI denies, pursuant to Connecticut General Statutes § 22a-452, UI is entitled to be indemnified by Plaintiffs for their *pro rata* share of any and all investigation and remediation costs incurred, to be incurred, reimbursed or to be reimbursed by UI.

**THIRD COUNTERCLAIM**
**(CONN. GEN. STAT. § 22A-16)**

25. UI repeats and realleges paragraphs 1 through 12 of these Counterclaims.

26. Plaintiffs, including their agents, representatives and assignees, directly or indirectly, released, permitted or allowed to be released hazardous substances at or in the vicinity of the Property.

27. Plaintiffs' conduct, including that of their agents, representatives and assignees, directly or indirectly, caused unreasonable pollution, impairment or destruction of or the reasonable likelihood of unreasonable pollution, impairment or destruction of the public trust in the air, water and other natural resources of the State.

28. UI is entitled to declaratory and equitable relief as is required to protect the public trust in the air, water and other natural resources of the State from unreasonable pollution, impairment or destruction as well as their costs, including reasonable costs for witnesses and reasonable attorneys' fees as provided in Connecticut General Statutes § 22a-18(e).

**FOURTH COUNTERCLAIM**
**(COMMON LAW INDEMNIFICATION)**

29. UI repeats and realleges paragraphs 1 through 12 of these Counterclaims.

30. UI denies liability and responsibility for the acts alleged by Plaintiffs.

31. If there were negligence on the part of UI, which UI denies, such negligence was passive and the negligence of Plaintiffs was active.

32. Plaintiffs had exclusive control over the circumstances and events alleged in this action to have caused damage to the Property, and they are therefore the direct and immediate cause of such harm to the Property.

33. UI did not know of Plaintiffs' negligence, had no reason to anticipate it, and reasonably relied on Plaintiffs to act in a reasonable, non-negligent manner.

34. UI denies responsibility and/or liability for the contamination alleged in this action.

35. Plaintiffs are liable to indemnify UI for investigation and remediation costs incurred, to be incurred, reimbursed, or to be reimbursed at the Property.

## FIFTH COUNTERCLAIM
### (UNJUST ENRICHMENT)

36. UI repeats and realleges paragraphs 1 through 12 of these Counterclaims.

37. Plaintiffs purchased the Property upon which UI operated an electric power generating facility during its period of ownership of the Property.

38. Plaintiffs knew or should have known at the time of their purchase of the Property that there was documentation of contamination and/or potential contamination on and at the Property at the time of the UI/QE Transfer.

39. UI denies liability and responsibility for the acts alleged by Plaintiffs; however, to the extent UI is found liable for such alleged acts, Plaintiffs are jointly and severally liable for such alleged acts.

40. If UI is ordered to pay for response costs or to conduct any remediation of the Property pursuant to a finding of liability, Plaintiffs will have received a benefit for which they unjustly did not pay.

41. Plaintiffs' failure to pay for that benefit would be to UI's detriment.

## RELIEF REQUESTED

WHEREFORE, UI demands judgment against Plaintiffs as follows:

1. Finding that, pursuant to CERCLA § 113(f)(1), UI may recover from Plaintiffs their equitable shares of any response costs at and relating to the Property for which UI may be found liable;

2. Finding that, pursuant to Connecticut General Statutes § 22a-452, UI should be indemnified by Plaintiffs, jointly and severally, for any response costs for which UI may be found liable for investigation and remediation of the Property;

3. Finding that, pursuant to Connecticut General Statutes § 22a-16, UI is entitled to declaratory and equitable relief requiring Plaintiffs to investigate and remediate the Property in accordance with applicable standards;

4. Finding that, pursuant to Connecticut common law, UI should be indemnified by Plaintiffs, jointly and severally, for any response costs for which UI is found liable for investigation and remediation of the Property;

5. Awarding UI prejudgment and post-judgment interest;

6. Awarding costs and attorneys' fees pursuant to § 22a-18(e) of the Connecticut General Statutes; and

7. Granting UI such other and further relief as the Court deems equitable and proper.

**THE UNITED ILLUMINATING COMPANY**

By: /s/ Elizabeth C. Barton
Elizabeth C. Barton (ct07660)
René A. Ortega (ct26354)
**Day Pitney LLP**
242 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-0100
Facsimile: (860) 275-0343
E-mail: ecbarton@daypitney.com
E-mail: raortega@daypitney.com

# CERTIFICATE OF SERVICE

This is to certify that on May 9, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone not registered to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      /s/ Elizabeth C. Barton
      Elizabeth C. Barton (ct07660)